```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X

DAVID VASQUEZ,

                          Plaintiff,    COMPLAINT

          -against-
                                        13 Civ. 3333 (VEC)
THE CITY OF NEW YORK; DET. TYRONE VIRUET,
Shield # 5654, Tax # 916872; and P.O.
JOHN DOES # 1-5; the individual         Jury Trial Demanded
defendant(s) sued individually and in
their official capacities,

                          Defendants.

------------------------------------- X
```

**PRELIMINARY STATEMENT**

1.  This is a civil rights action in which plaintiff seeks relief for the violation of plaintiff's rights secured by 42 U.S.C. § 1983; and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  Plaintiff's claims arise from an incident that arose on or about November 19, 2011.  During the incident, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, unreasonable force, unlawful search and seizure, false arrest, unlawful strip-search, fabricated evidence, malicious prosecution, denial of a fair trial, and implementation and continuation of an unlawful municipal policy, practice, and custom.  Plaintiff seeks

compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. §§ 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in New York County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff David Vasquez, a Hispanic American, is a resident of the State of New York, New York County.

6. At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7. At all times alleged herein, defendant Detective Tyrone Viruet, Shield # 5654, Tax # 916872, and P.O. John Does #

1-5 were New York City Police Officers employed with the Narcotics Boro Manhattan North, located in New York County, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

8. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

### Incident

9. On November 19, 2011, at and in the vicinity of 103rd Street between Lexington and Park Avenues, New York, New York, and the 25th Precinct located in New York, New York, several police officers, including upon information and belief, defendants Det. Viruet and P.O. John Does # 1 -5, at times acting in concert, and at times acting independently, committed the following illegal acts against plaintiff.

10. On November 19, 2011, at approximately between 5:00 p.m. and 6:00 p.m., at and in the vicinity of 103rd Street between Lexington and Park Avenues, New York, New York, defendants Det. Viruet and P.O. John Does # 1 -5, without either consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime unlawfully arrested plaintiff.

11. Plaintiff was walking in his neighborhood doing errands when the police suddenly approached him.

12. Once the police approached him, plaintiff was not free to disregard their questions, walk away or leave the scene.

13. The police grabbed plaintiff and then threw him against a wall and handcuffed him in excessively tight handcuffs, causing injuries to his wrists.

14. Plaintiff complained that he had done nothing wrong and that the handcuffs were on too tight, but the police just pushed him harder against the wall.

15. The police threw plaintiff into a van and kept him there, before transporting him to 25th Precinct.

16. While plaintiff was at the Precinct the police subjected him to strip search in a non-private cell by making him take off his pants and expose genitals and rear-end.

17. No contraband was found on plaintiff.

18. The police eventually transported plaintiff to Manhattan Central Booking for arraignment.

19. Afterwards, plaintiff was held at the Manhattan Detention Center until he was released.

20. In order to cover up their illegal actions, the police, pursuant to a conspiracy, initiated, and falsely and maliciously told the New York County District Attorney's Office

4

that plaintiff had committed various crimes, by swearing out a false complaint and filing false police reports.

21.  The police made these false allegations, despite the fact that they had no evidence that plaintiff had committed a crime, to cover up their misconduct, to meet productivity goals and quotas, and/or to justify overtime expenditures.

22.  Based upon the defendants' false information, the New York County District Attorney's Office chose to prosecute plaintiff under docket number 2011NY084659.

23.  Upon information and belief, the unlawful actions against plaintiff were also based on profiling.

24.  After having to appear in criminal court several times, the charges against plaintiff were dismissed in their entirety or May 12, 2012, terminating in plaintiff's favor.

**General Allegations**

25.  The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

26.  Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-stated incidents.

27.  At no time prior to, during or after the above incidents were the individual defendants provided with

information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner.

28. The defendants acted under pretense and color of state law and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

29. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

30. Plaintiff is entitled to receive punitive damages from the individual defendants because their actions were motivated by extreme recklessness and indifference to plaintiff's rights.

### FIRST CLAIM
**(UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)**

31. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

32. Defendants unlawfully stopped and searched plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion.

33. Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## SECOND CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

34. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

35. Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion.

36. Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## THIRD CLAIM

### (UNREASONABLE FORCE)

37. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

38. The individual defendants' use of force upon plaintiff, as described herein, was objectively unreasonable.

39. Accordingly, defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

### FOURTH CLAIM

### (FAILURE TO INTERVENE)

40. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

41. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

42. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

### FIFTH CLAIM

### (DENIAL OF A FAIR TRIAL)

43. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

44. The individual defendants are liable to plaintiff because they intentionally conspired to fabricate evidence against plaintiff, including omitting and/or manipulating evidence, and suppressing exculpatory evidence and forwarded that false evidence to prosecutors and the court.

45. Furthermore, the individual defendants violated the law by making false statements by drafting and signing false criminal court complaints and/or false police reports and forwarding them to prosecutors and the court.

46. The individual defendants were on notice that creating fabricated evidence is a clear violation of law because it is well established that individuals who knowingly use false evidence to obtain a conviction act unconstitutionally, depriving plaintiff of liberty without due process of law, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

## SIXTH CLAIM

### (MALICIOUS PROSECUTION UNDER FEDERAL LAW)

47. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

48. The individual defendants are liable to plaintiff for malicious prosecution because prior to any grand jury action, with intent, knowledge, and malice, the defendants initiated a malicious prosecution against plaintiff by drafting and signing a sworn criminal court complaint and police reports that provided false information to the court, alleging plaintiff had committed various crimes.

49. The individual defendants lacked probable cause to believe the above-stated malicious prosecution could succeed.

50. The individual defendants initiated the above-stated malicious prosecution to cover up their illegal and unconstitutional conduct.

51. The above-stated malicious prosecution caused a sufficient post-arraignment liberty restraint on plaintiff.

### SEVENTH CLAIM

### (UNLAWFUL STRIP-SEARCH)

52. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

53. Plaintiff was strip-searched by the defendants without regard to probable cause or reasonable suspicion. The strip-search was also unlawful because it was carried out in a non-private manner.

54. Accordingly, the defendants are liable to plaintiff for their unlawful strip-search.

### EIGHTH CLAIM

### (MONELL CLAIM)

55. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

56. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

57. Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs and policies against plaintiffs: (1) unlawfully stopping and searching innocent persons; (2) wrongfully arresting innocent persons in order to meet productivity goals; (3) wrongfully arresting individuals based on pretexts and profiling; (4) using unreasonable force on individuals; (5) fabricating evidence against innocent persons; and (6) unlawfully strip searching innocent persons.

58. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

59. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief,

defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

60. Further, defendants City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

61. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

62. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

63. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

**WHEREFORE,** plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

      a. Compensatory damages in an amount to be determined by a jury;

      b. Punitive damages in an amount to be determined by a jury;

      c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

      d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: Brooklyn, New York
April 25, 2014

      MICHAEL O. HUESTON, ESQ.
*Attorney for Plaintiff*
16 Court Street, Ste. 3301
Brooklyn, New York 11241
(718) 246-2900
mhueston@nyc.rr.com
By:

\_\_\_\_\_s/_____
MICHAEL O. HUESTON

ROBINSON IGLESIAS, ESQ.
*Attorney for Plaintiff*
16 Court Street, Suite 3301
Brooklyn, New York 11241